IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MOFFATT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANDREA E. MOFFATT, APPELLANT.

Filed December 17, 2024.    No. A-23-855.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Michael T. Hilgers, Attorney General, and Jordan Osborne for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Andrea E. Moffatt appeals from the Douglas County District Court's order denying her motion for postconviction relief without an evidentiary hearing. She contends that the district court erred in finding that the allegations in her motion were either procedurally barred or insufficient to warrant a hearing. For the reasons stated herein, we affirm the denial of Moffatt's request for postconviction relief.

## BACKGROUND

In January 2021, pursuant to a plea agreement, Moffatt pled no contest to two counts of attempted possession of a deadly weapon by a prohibited person, each a Class II felony. She was sentenced to 14 to 18 years' imprisonment on each count, to be served concurrently with one another, but consecutively to the sentence imposed in a separate case.

- 1 -

Following her convictions and imposition of the sentences, Moffatt, who was represented by new counsel, filed a direct appeal. See *State v. Moffatt*, No. A-21-170, 2021 WL 4534057 (Neb. App. Oct. 5, 2021) (not designated for permanent publication) (*Moffatt I*). On appeal, Moffatt argued that (1) she did not voluntarily, knowingly, and intelligently waive her right to an updated presentence report prior to sentencing; (2) the district court erred in imposing an excessive sentence, and (3) her trial counsel provided ineffective assistance in allowing her to proceed to sentencing without the benefit of an updated presentence report. In an opinion affirming Moffatt's convictions and sentences, this court found that Moffatt had knowingly and intelligently waived her right to an updated presentence report; that the district court did not abuse its discretion in sentencing her; and that Moffatt was not prejudiced by trial counsel's decision to allow her to proceed to sentencing without an updated presentence report. The mandate issued on November 15, 2021.

On November 4, 2022, Moffatt filed a motion for postconviction relief in the district court. She later filed an amended motion for postconviction relief in March 2023. This amended motion is the operative motion in this case. In the amended motion, Moffatt alleges that her trial counsel provided her with ineffective assistance in numerous ways. She also alleges that appellate counsel "provided ineffective assistance by failing to meet with her and discuss the ineffective assistance of trial counsel so as to effectively set out those complaints in her appellate brief." Finally, Moffatt alleges that the combined effect of the ineffective assistance of her trial counsel and appellate counsel required reversal of her convictions and sentences.

In October 2023, the district court entered an order denying Moffatt's amended motion for postconviction relief without an evidentiary hearing. In the order, the court found that Moffatt's trial counsel did not provide her with ineffective assistance and, as a result, her appellate counsel did not provide ineffective assistance in failing to raise the claims regarding trial counsel on direct appeal. In so finding, the district court questioned whether Moffatt had properly raised the "layered ineffective assistance of counsel claims" in her motion for postconviction relief. Ultimately the court determined the claims of ineffective assistance of appellate counsel were "sufficient" to warrant review.

Moffatt has timely appealed to this court.

ASSIGNMENTS OF ERROR

Generally, Moffatt assigns as error that the district court erred in denying her an evidentiary hearing on her postconviction claims. The specific claims that she reasserts on appeal are that her trial counsel was ineffective in (1) failing to investigate and inform Moffatt that she was not a "prohibited person" under the relevant charging statute; (2) failing to investigate and inform Moffatt that she lacked the necessary intent to be found guilty of attempted possession of a deadly weapon by a prohibited person; (3) failing to investigate and inform Moffatt that it was legally impossible to be convicted of "attempted" possession of a deadly weapon by a prohibited person; (4) failing to investigate and inform Moffatt that she did not have constructive possession of the second weapon she was alleged to have possessed; (5) inducing Moffatt to plead to the amended offenses; (6) failing to object to the State's factual basis; (7) failing to provide the district court with accurate information at the sentencing hearing; and (8) recommending that Moffatt waive her right to an updated presentence investigation. In her assignments of error, Moffatt also restates her

assertion that her appellate counsel provided ineffective assistance by failing to raise all the claims of ineffective assistance of trial counsel on direct appeal. She also specifically asserts that appellate counsel was ineffective by failing to raise on direct appeal that the district court considered fabricated information when sentencing her.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Harms*, 315 Neb. 445, 996 N.W.2d 859 (2023).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *Id*.

ANALYSIS

Before considering Moffatt's specific assignments of error, we briefly summarize the standard for postconviction relief. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations. *State v. Williams*, 295 Neb. 575, 889 N.W.2d 99 (2017). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Williams, supra*. Neb. Rev. Stat. § 29-3001(2) (Reissue 2016) requires that the court grant a prompt hearing "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief. . . ." Under the act, an evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. See *State v. Williams, supra*. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id*.

To establish a right to postconviction relief because of counsel's ineffective assistance, the defendant has the burden, under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id*. To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

*Claim of Ineffective Assistance of Trial Counsel Raised on Direct Appeal.*

As we stated above, in Moffatt's direct appeal, she alleged that her trial counsel was ineffective for allowing her to proceed to sentencing without the benefit of an updated presentence report. In *Moffatt I*, we found that Moffatt was not prejudiced by trial counsel's decision to allow her to proceed to sentencing without an updated presentence report and that, as such, her

ineffective assistance claim was without merit. In her amended motion for postconviction relief and in this appeal, Moffatt has again raised the issue of whether her trial counsel was ineffective for allowing her to proceed to sentencing without the benefit of an updated presentence report.

A defendant cannot secure postconviction review of issues which were or could have been litigated on direct appeal. See, e.g., *State v. Dunster*, 278 Neb. 268, 769 N.W.2d 401 (2009). Moffatt clearly raised this issue of ineffective assistance of trial counsel in her direct appeal and we addressed the issue on its merits. Accordingly, we do not relitigate the matter here.

*Other Ineffective Assistance of Trial Counsel Claims.*

All of Moffatt's other claims of ineffective assistance of trial counsel, which were not raised on direct appeal, are procedurally barred because they could have been so raised. A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Sellers, supra*. Practically, this means that when a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020). Otherwise, the issue will be procedurally barred. *Id*.

Here, Moffatt was represented on direct appeal by different counsel than had represented her during her plea and sentencing hearing. Any allegations that trial counsel had an obligation to realize and point out an alleged error in the State's charges against Moffatt, that trial counsel failed to advise Moffatt properly before she entered her pleas, or that trial counsel failed to bring certain information to the district court during the plea and sentencing hearing, would have been known to Moffatt and would have been apparent from the record at the time of her direct appeal. Therefore, Moffatt was required to raise these issues on direct appeal and, since she did not do so, these claims are procedurally barred.

*Ineffective Assistance of Appellate Counsel.*

In her brief on appeal, Moffatt specifically assigns and argues that her appellate counsel provided ineffective assistance in failing to argue on direct appeal that the district court imposed an excessive sentence after considering an "irrelevant prejudicial sentencing factor." Brief for appellant at 46. According to Moffatt, this irrelevant sentencing factor was "fabricated" information provided by the State that Moffatt's possession of the weapons in the instant case was the result of her attempting to dispose of the weapons for her boyfriend who had recently been arrested. *Id*. In its order denying Moffatt postconviction relief, the district court found that Moffatt could not demonstrate she was prejudiced by the court's consideration of such information, even if it was untrue. Upon our review, we agree with the district court.

When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel failed to bring a claim on appeal that actually prejudiced the defendant. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id*. Counsel's failure to raise

an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id*.

At Moffatt's plea hearing, the State provided a factual basis to support her pleas of no contest to two counts of attempted possession of a deadly weapon by a prohibited person. As a part of that factual basis, the State alleged, that during "jail calls" with her boyfriend, who had recently been arrested, Moffatt was instructed to go retrieve his guns from his house so that law enforcement would not find the guns while serving a search warrant. When law enforcement later contacted Moffatt at a hotel she was staying at with the boyfriend, she had a revolver in her waistband and another firearm in her vehicle. Notably, Moffatt did not object to any of the information contained in the factual basis during the plea hearing. However, now, Moffatt alleges that the portion of the factual basis which indicated her boyfriend instructed her to retrieve the guns to evade law enforcement was "fabricated." She further alleges that such fabricated information affected the district court's sentencing determination, such that she received a more severe sentence because of the court's consideration of this information.

At the sentencing portion of the plea hearing, the district court provided a detailed explanation for its sentencing determination. Such explanation included circumstances such as Moffatt's failure to appear at a prior felony sentencing hearing and remaining on the run for over a year; her serious criminal history, which included previous charges related to her possession of guns and controlled substances; her high risk of re-offense; and the seriousness of having two guns in her possession. The court did note the jail phone calls between Moffatt and her boyfriend. However, it is clear from the context of the district court's statements that such information was not even a primary factor in the district court's sentencing decision. As such, there is nothing in the record which would suggest that Moffatt would have been sentenced differently had this information not been known by the district court.

Moreover, in her direct appeal, Moffatt's appellate counsel did argue that she received an excessive sentence. The argument asserted that the district court did not properly consider all of the relevant sentencing factors, including that there was no violence in the commission of her current crimes, when imposing her sentence. See *Moffatt I*. After considering all of the sentencing factors and the district court's comments, we found no abuse of discretion in the district court's sentencing determination. In our analysis, we did not consider, or even mention, the information provided by the State which referenced Moffatt attempting to hide the guns in her possession for her boyfriend. As such, our finding that Moffatt's sentence was appropriate was made without regard to such factor.

Given our finding on direct appeal that Moffatt's sentences did not constitute an abuse of discretion, and that such finding was made without regard to the alleged "fabricated" information provided by the State, Moffatt cannot show she was prejudiced by appellate counsel's failure to argue on direct appeal that her sentences were an abuse of discretion because of the district court's consideration of the alleged fictitious information. There is no reasonable probability that appellate counsel would have been successful in getting Moffatt's sentences reduced had this specific fact been argued on direct appeal. Moffatt cannot show she was prejudiced by appellate counsel's failure to raise this issue on direct appeal.

As to Moffatt's other assigned error alleging ineffective assistance of appellate counsel, she attempts to allege that appellate counsel was ineffective in failing to raise and brief trial

counsel's ineffectiveness on direct appeal. However, because she does not specifically argue such allegations of ineffective assistance of appellate counsel, we do not consider this assignment of error.

In her brief to this court, Moffatt alleges that her appellate counsel was ineffective in failing to discuss with her all of the instances of trial counsel's ineffectiveness and failing to raise these issues in her brief on direct appeal. However, Moffatt does not specifically argue the allegations of trial counsel's ineffectiveness she is referencing. She generally claims:

Had inquiry ever been made [she] would have submitted many instances of ineffective assistance of counsel including that trial counsel failed to meet with her, failed to provide police reports, failed to discuss the content of any reports with her, failed to meet with her to discuss the waiver of the presentence investigation, failed to investigate matters of whether she was a prohibited person and failed to bring up her lack of ties to the second weapon.

Brief for appellant at 45. Moffatt then attempts to incorporate her previous arguments into this assigned error: "[Moffatt's] constitutional right to appellate review of all of her issues of ineffective assistance of counsel including all of those set out above and all of those set out in this motion for postconviction relief." *Id.* at 46. Moffatt does not provide any further argument regarding her layered claims of ineffective assistance.

In *State v. Garcia*, 315 Neb. 74, 84-85, 994 N.W.2d 610, 639-40 (2023), the Nebraska Supreme Court stated:

First, we have long held that to be considered by an appellate court, the party asserting the alleged error must both specifically assign and specifically argue the error in the party's initial brief. Where an appellant's brief contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy such requirement. Moreover, we have held that, in both the criminal and postconviction context, an appellate court will not ordinarily scour the record in search of facts that might support an appellant's claim.

. . . .

For the purposes of briefs filed with the appellate courts, we do not encourage the practice of incorporating by reference any content material to a party's argument, particularly when such references are unclear, and any party who does incorporate by reference does so at the party's own peril.

Because Moffatt failed to specifically assign and argue each of her allegations that appellate counsel was ineffective in failing to raise and brief trial counsel's ineffective assistance on direct appeal, we do not consider this assertion further.

*Aggregate Effect of Errors.*

Finally, Moffatt asserts that the prejudice she suffered as a result of all the errors in the district court proceedings, when considered in the aggregate, necessitates reversal of her convictions and vacation of her sentences. Although one or more trial errors might not, standing

alone, constitute prejudicial error, their cumulative effect may be to deprive the defendant of his or her constitutional right to a public trial by an impartial jury. See, e.g., *State v. Garcia, supra*.

Here, we found no merit to any of Moffatt's assertions on appeal. The allegations were either procedurally barred, insufficiently alleged, or simply without merit. Having found no error, Moffatt's assertion of cumulative error is without any merit.

### CONCLUSION

Having found that Moffatt's assigned errors are procedurally barred, not sufficiently argued in her appellate brief, or without merit, we affirm.

AFFIRMED.

BISHOP, Judge, concurring.

I agree with the majority opinion except for the portion declining to address all but one of the claims of ineffective assistance of appellate counsel. The majority determines that "Moffatt failed to specifically assign and argue each of her allegations that appellate counsel was ineffective in failing to raise and brief trial counsel's ineffective assistance on direct appeal." In my opinion, although Moffatt does not artfully incorporate her claims of ineffective assistance of trial counsel into her claims of ineffective assistance of appellate counsel, her attempt to do so is sufficient. Additionally, the Nebraska Supreme Court has found similar, if not identical, language to be sufficient when dealing with a layered claim of ineffective assistance of counsel in a postconviction proceeding. See *State v. Cullen*, 311 Neb. 383, 972 N.W.2d 391 (2022).

Notably, the district court was faced with the same predicament in determining whether Moffatt's postconviction motion sufficiently incorporated the claims of ineffective assistance of trial counsel into her claims of ineffective assistance of appellate counsel. The court stated that Moffatt's postconviction motion "is difficult for the Court to decipher her precise postconviction claims." Nevertheless, the court "thoroughly reviewed" the motion and "[c]onsolidated and restated, it appears . . . Moffatt is alleging ten (10) distinct claims, consisting of seven layered ineffective assistance of counsel claims, two independent assistance of appellate counsel claims, and one additional item." Regarding the seven layered claims, the court observed that Moffatt "does not cleanly articulate that she is alleging that her appellate counsel is ineffective for not raising the following ineffective assistance of trial counsel claims on direct appeal." Nevertheless, the court noted that Moffatt "does generally assert that she provided [appellate counsel] 'all of the above information regarding things she felt were mishandled by [trial counsel], none of which found their way into the appellate brief." The court concluded that, "while not the best practice, this general allegation is enough, in this case, to sufficiently allege . . . Moffatt's layered ineffective assistance of counsel claims" and it proceeded to address the "merits of each." The court ultimately found that Moffatt was not prejudiced by any of the seven layered claims.

In her brief before this court, Moffatt assigns nine errors specific to the ineffective assistance of her trial counsel. Her tenth assignment of error states that her "appellate counsel provided ineffective assistance by failing to meet with her and discuss the ineffective assistance of trial counsel so as to effectively set out those complaints in her appellate brief and thereby limited the parameters of her postconviction proceedings[,]" and failing to "address the issue of actual innocence." Brief for appellant at 8. Moffatt then proceeds to address in detail the nine assigned

errors related to her claims of ineffective assistance of trial counsel; all numbered headings and arguments correspond directly to the errors enumerated in the assignment of errors section of her brief.

In the argument related to her tenth assigned error, Moffatt restates the assigned error as a heading and then initially points out that Moffatt's appellate counsel was different than her trial counsel. She argues that appellate counsel only met with Moffatt one time "for a total of twenty minutes" in jail following her sentencing "and the purpose of that visit was to have her sign her bond over to him." Brief for appellant at 44. She then claims appellate counsel only talked to her by telephone on two occasions despite saying that he would meet with her. Moffatt told appellate counsel that she would send him all the errors and information regarding trial counsel's ineffective representation, but appellate counsel told her that "it was unnecessary." *Id*. Although appellate counsel never explained "the need to bring forward all instances of ineffective assistance of counsel neither in person nor by letter," Moffatt nevertheless provided appellate counsel with "all of the above information regarding things she felt were mishandled by trial counsel." *Id*. at 45. "Had inquiry ever been made . . . [Moffatt] would have submitted many instances of ineffective assistance of counsel including that trial counsel failed to meet with her, failed to provide police reports, failed to discuss the content of any reports with her, failed to meet with her to discuss the waiver of the presentence investigation, failed to investigate matters of whether she was a prohibited person and failed to bring up her lack of ties to the second weapon." *Id*. Moffatt argues, somewhat incompletely, "The Defendant's constitutional right to appellate review of all of her issues of ineffective assistance of counsel including all of those set out above and all of those set out in this motion for postconviction relief." *Id*. at 46. Presumably she intended a more complete sentence, such as, "The Defendant *has a* constitutional right to appellate review . . . and all of those set out in [the] motion for postconviction relief."

The majority acknowledges that Moffatt alleged that "her appellate counsel was ineffective in failing to discuss with her all the instances of trial counsel's ineffectiveness and failing to raise these issues in her brief on direct appeal." The majority concludes, however, that "Moffatt does not specifically argue the allegations of trial counsel's ineffectiveness she is referencing." The majority recognizes that Moffatt attempted to "incorporate her previous arguments into this assigned error," by her argument that she has a "constitutional right to appellate review of all of her issues of ineffective assistance of counsel including all those set out above and all of those set out in this motion for postconviction relief." The majority nevertheless declines to review the appellate counsel claims because Moffatt did not "provide any further argument regarding her layered claims of ineffective assistance." However, reviewing a claim of ineffective assistance of appellate counsel for failing to raise claims on direct appeal requires an assessment of whether trial counsel was ineffective. See *State v. Cullen, supra*. In her brief, Moffatt specifically and in detail laid out her arguments related to the alleged deficiencies of trial counsel. Therefore, although Moffatt's incorporation of those same arguments into her ineffective assistance claims related to appellate counsel was "not cleanly articulate," it was certainly not necessary for her to copy each argument related to trial counsel and paste it under the heading related to her claims of ineffective assistance of appellate counsel. I do not read the majority's opinion to require that; rather, it appears the majority simply found the attempt to incorporate fell short.

However, given that the Nebraska Supreme Court has previously addressed claims of ineffective assistance of appellate counsel with similarly generalized language incorporating trial counsel's ineffectiveness into appellate counsel's ineffectiveness, I would have proceeded to do the same here. See *State v. Cullen, supra*. In *Cullen*, the attorney representing the appellant in that postconviction appeal is the same attorney representing the appellant in the present postconviction appeal; hence, the appearance of very similar, if not identical, language is contained in both cases. *Cullen* also dealt with a layered claim of ineffective assistance of counsel. In that case, like here, the postconviction motion making multiple claims of ineffective assistance of trial counsel were discussed in detail, whereas the claim of ineffective assistance of appellate counsel was only generally alleged. The postconviction motion stated that appellate counsel "'fail[ed] to meet with her and discuss the ineffective assistance of trial counsel so as to effectively set out those complaints in her appellate brief and thereby limiting the parameters of her [postconviction] proceedings.'" *Id*. at 392, 972 N.W.2d at 398 (brackets in original). Also similar to this case, the district court in *Cullen* determined no evidentiary hearing was warranted and dismissed the postconviction motion. On appeal, the Nebraska Supreme Court observed that "[i]n addition to asserting claims of ineffective assistance of trial counsel, Cullen alleges that her appellate counsel performed deficiently when counsel failed to consult with her and to assign error on direct appeal asserting claims of ineffective assistance of trial counsel." *Id*. at 394, 972 N.W.2d at 400. The court pointed out that "[i]f trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue." *Id*. The court noted that the appellant set forth a "claim of ineffective assistance of appellate counsel in which she asserts, inter alia, that appellate counsel failed to raise claims of ineffective assistance of trial counsel, including the claims she now sets forth in her postconviction motion." *Id*. at 395, 972 N.W.2d at 400. And, "[a]s noted above, reviewing a claim of ineffective assistance of appellate counsel for failing to raise claims on direct appeal requires an assessment of whether trial counsel was ineffective." *Id*. The Supreme Court then proceeded to address each of the appellant's claims related to trial counsel to determine whether appellate counsel was ineffective.

As in *State v. Cullen, supra*, I would have addressed each of Moffatt's claims related to trial counsel to determine whether appellate counsel was ineffective for failing to raise them on direct appeal. Although Moffatt's incorporation of the 20-plus pages of law and argument in her brief discussing trial counsel's deficiencies could have been more cleanly incorporated into her arguments regarding the ineffective assistance of appellate counsel, this was not a case where we had to "scour the record in search of facts that might support an appellant's claim." *State v. Garcia*, 315 Neb. 74, 84, 994 N.W.2d 610, 640 (2023). The claims in this case were readily identifiable. That said, I find the district court's 27-page opinion explaining why no evidentiary hearing was warranted to be well supported, and therefore I agree with the majority's opinion affirming that decision.